UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LARRY RENA BROWN | ] | |
| Petitioner, | ] | |
| | ] | |
| v. | ] | No. 3:04-0339 |
| | ] | Judge Nixon |
| UNITED STATES OF AMERICA | ] | |
| Respondent. | ] | |

## MEMORANDUM

The petitioner, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2255 against

the United States, asking the Court to vacate, set aside or correct his sentence.

The petitioner and a companion (Raymond Hawkins) were involved in a series of armed

bank robberies in Memphis and Nashville. As a result, federal indictments were issued against

the petitioner in both the Middle and Western Districts of Tennessee.

Following his arrest, the petitioner pled guilty to three counts of aiding and abetting

armed bank robbery arising from his misdeeds in Memphis.[1] At the same hearing, the petitioner

pled guilty to an armed bank robbery in Nashville, with a mandatory enhancement for the use of

a firearm during the robbery. For these crimes, he received an aggregate sentence of one hundred

---

[1] During his plea hearing, the charges against the petitioner arising from the Memphis robberies were referred to as the West Tennessee Indictment. This indictment was the initiating document for a case that was transferred from the West District of Tennessee to this judicial district and became Criminal Action No. 3:00-00088. The Nashville robbery was charged in the Tennessee Indictment that became the basis for Criminal Action No. 3:98-000170. *See* Criminal Action No. 3:00-00088; Docket Entry No. 69.

1

eighty five (185) months in prison, to be followed by five years of supervised release. Criminal Action No. 3:00-00088; Docket Entry No. 70.

The petitioner filed a *pro se* Rule 35(b) motion to reconsider, alter or reduce sentence. Id., at Docket Entry No. 61. The Court denied this motion. Id., at Docket Entry No. 66. On appeal, the Sixth Circuit Court of Appeals affirmed the petitioner's Memphis convictions. Id., at Docket Entry No. 72.

On April 19, 2004, the petitioner filed the instant § 2255 motion (Docket Entry No. 1) attacking both the Memphis (Criminal Action No. 3:00-00088) and Nashville (Criminal Action No. 3:98-000170) convictions. A moving party who seeks relief from more than one judgment must file a separate § 2255 motion covering each judgment. Rule 2(d), Rules - - - § 2255 Cases. On the first page of his motion, the petitioner identifies the judgment in question as Criminal Action No. 3:00-00088. Therefore, the instant action shall be restricted solely to issues arising from that particular judgment.

In his motion, the petitioner claims that he was denied his Sixth Amendment right to the effective assistance of counsel.[2] More specifically, the petitioner complains that

> 1) counsel lacked an adequate knowledge of the Sentencing Guidelines;
>
> 2) counsel failed to notice an error in the pre-sentencing report related to the petitioner's prior criminal history;
>
> 3) counsel misinformed the Court that "5K2.0 could not

---

[2] Among petitioner's issues is a claim that, but for counsel's errors, he would not have pled guilty to Count II of the indictment. Count II of the indictment in Criminal Action No. 3:00-00088 was dismissed on motion of the government. The petitioner did, however, plead guilty to Count II in Criminal Action No. 3:98-000170. Since this action is only applicable to issues arising from the 3:00-00088 convictions, petitioner's Count II claim is not properly now before the Court.

2

be used as a means for a downward departure for plaintiff's assistance to state and federal authorities";

4) counsel's "act of omission in stating to the court's [*sic*] the binding affect of the plea agreement in Rule (11)"; and

5) appellate counsel was not readily available to confer with the petitioner during the appeals process.[3]

In an amendment to his motion, the petitioner also claims that his sentence was improperly enhanced and violates the teachings of Booker and Fanfan. Docket Entry No. 7.

Upon preliminary review of petitioner's motion, the Court determined that it was not facially frivolous. Accordingly, by an order entered June 20, 2005 (Docket Entry No. 14), the United States Attorney for this judicial district was directed to file an answer, plead or otherwise respond to the motion. Rule 4(b), Rules --- § 2255 Cases.

Presently pending before the Court are petitioner's § 2255 motion as amended, his Motion for Summary Judgment (Docket Entry No. 11), the government's Response (Docket Entry No. 17) and petitioner's Reply (Docket Entry No. 19) to the government's Response.

Having carefully considered these pleadings and the expanded record, it does not appear that an evidentiary hearing is needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is not entitled to relief). Therefore, the Court shall dispose of the § 2255 motion as the law and justice require. Rule 8(a), Rules --- § 2255 Cases.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. To establish a violation of this right, the petitioner bears the burden of

---

[3] At his plea hearing, the petitioner was represented by Michael V. Thompson. At sentencing, he was represented by Aaron Wychoff and on appeal by Charles Mark Pickrell. All three attorneys are members of the Davidson County Bar.

3

showing *both* that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the alleged deficiency. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In the context of a defendant who has pled guilty, the element of prejudice requires the petitioner to show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on proceeding to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

The petitioner first claims that counsel was ineffective because he lacked an adequate understanding of the Sentencing Guidelines. During the petitioner's sentencing hearing, counsel acknowledged that he had "the hardest time with the Guidelines as such ......" Criminal Action No. 3:00-00088; Docket Entry No. 70 at pg. 33. Difficulty with the Sentencing Guidelines though, without more, simply does not render counsel ineffective. The petitioner has failed to point out in what way counsel misinterpreted the Sentencing Guidelines and how counsel's misinterpretation prejudiced his decision to plead guilty to the charges against him. Thus, this claim has no merit.

It is next claimed that counsel was ineffective because he did not notice an error in the pre-sentencing report related to the petitioner's prior criminal record. The error in question, however, was conceded by the government, Id, Docket Entry No. 70 at pgs. 51-52, and corrected by the Court prior to sentencing. Id, Docket Entry No. 70 at pg. 56. Consequently, the petitioner did not suffer any prejudice from counsel's failure to notice the error.

The petitioner claims that counsel misinformed the Court by stating that §5K2.0 could

4

not be used as a means to obtain a downward departure. This claim arises from the following

statement made by defense counsel during the sentencing hearing.

> And it was Mr. Brown's hope that possibly he would be able
> to come in the side door on a 5(k)(2), and he cited me a case
> which unfortunately doesn't stand for that proposition. I think
> he saw the earlier case. There was an earlier case by a Judge
> that ruled the way that he would like, but then in an en banc
> hearing of the Circuit Court, it went just the opposite. And it's
> clear from that opinion that you can't go in on a 5(k)(2) to get
> around the fact that the Government has to file a motion on that.
> But the point I tried to make on that, is that at least what Mr. Brown
> was trying to do was to be helpful. And, yes, he was trying to get
> help for himself and do whatever he could to try to reduce the
> sentence that he was going to receive. So there is no question that
> it was - - - you know, it was motivated by hoping that he would
> get something out of it.

Id, Docket Entry No. 70 at pg. 42.

The petitioner has offered no judicial opinion or citation in support of his proposition that

counsel "misinformed" the Court as to the applicable law on this issue. Nor has the petitioner

alleged in what way counsel's perceived error prejudiced the defense. The government did, in

fact, make a §5(k)(1) motion for downward departure as a means of recognizing the petitioner's

substantial assistance. Id, Docket Entry No. 57. Therefore, this issue has no merit.

As his fourth claim, the petitioner believes that counsel's "act of omission in stating to

the court's [sic] the binding affect of the plea agreement in Rule (11)" in some way constitutes

ineffective assistance. The petitioner states that this omission caused him to receive an additional

fifteen (15) months on his sentence. He has failed, however, to show how counsel's alleged

omission prejudiced him to the extent that he would not have pled guilty otherwise. Accordingly,

this claim is without merit.

For his final ineffective assistance claim, the petitioner argues that appellate counsel was

5

not readily available to confer with him during the appeals process. As a result, "many issues that were not addressed on direct appeal could have been. This could have resulted in many issues being resolved on direct appeal." Docket Entry No. 2 at pg. 9.

The failure of appellate counsel to raise an issue on appeal will only rise to the level of ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. McFarland v. Yukins, 356 F.3d 688, 699 (6th Cir. 2004). Appellate counsel has no constitutional duty to raise every non-frivolous claim requested by a criminal defendant. Jones v. Barnes, 463 U.S. 745, 103 S.Ct. 3308, 3314, 77 L.Ed.2d 987 (1983). Here, the petitioner has neither identified the issues that he wanted to be brought on direct appeal nor shown how inclusion of these claims would have changed the result of the appeal. Consequently, the petitioner has failed to state a Sixth Amendment claim for the ineffective assistance of counsel.

In an amendment to his § 2255 motion (Docket Entry No. 7), the petitioner claims that his sentence was improperly enhanced in violation of the teachings of Booker and Fanfan. But the petitioner pled guilty on June 7, 2000. Criminal Action No. 3:00-00088; Docket Entry No. 6. The Supreme Court decided the Booker and Fanfan cases on January 12, 2005. 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). These holdings do not apply retroactively in a collateral § 2255 proceeding. Humphress v. United States, 398 F.3d 855 (6th Cir. 2005). Therefore, Booker and Fanfan do not provide the petitioner with an actionable claim.

Having carefully considered the § 2255 motion as amended, the petitioner's Motion for Summary Judgment, the government's Response and the petitioner's Reply to the government's Response, the Court finds that the petitioner has failed to state a claim upon which relief can be granted. The petitioner's Motion for Summary Judgment, therefore, lacks merit and shall be

6

denied. Petitioner's § 2255 motion will be denied and this action shall be dismissed.

An appropriate order will be entered.

John T. Nixon
Senior District Judge

7